**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

CLIFFORD ANDERSON ALLEYNE,

    Plaintiff,

v.

RARE CHAMPAGNES LLC
D/B/A TERROIR SELECTIONS,
KYLE GREENE, and
LILIANA DE ROJAS,

    Defendants.

_____/

## <u>COMPLAINT</u>
*{Jury Trial Demanded}*

Plaintiff CLIFFORD ANDERSON ALLEYNE ("Steer") brings this action against Defendants RARE CHAMPAGNES LLC D/B/A TERROIR SELECTIONS ("TS"), KYLE GREENE ("Greene"), and LILIANA DE ROJAS ("Rojas") and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, TS was a Florida corporation that regularly transacted business in Broward County, Florida.

4. Upon information and belief, TS's gross sales or business generated was over $500,000 per year at all times material hereto.

1

5.     TS has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

6.     TS was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

7.     Greene is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of TS, ran the day-to-day operations, had operational control over TS, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

8.     Rojas is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of TS, ran the day-to-day operations, had operational control over TS, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

9.     TS operates a business engaged in wholesale wine sales.

10.     Steer worked for Defendants as a driver, warehouse worker, and general laborer.

11.     Defendants failed to pay Steer's full and proper overtime wages.

12.     Defendants knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

13.     Attached as **Exhibit A** is a preliminary calculation of Steer's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiff engages in the discovery process.

14.     Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>
## <u>AGAINST ALL DEFENDANTS</u>

15.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to (i) time-and-a-half overtime pay and (ii) liquidated damages.

17.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:    (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

Elliot Kozolchyk, Esq.
Florida Bar No. 74791
Dillon Cuthbertson, Esq.
Florida Bar No. 1056382