**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CLIFFORD ANDERSON ALLEYNE,**

      **Plaintiff,**

**v.**

**RARE CHAMPAGNES, LLC d/b/a TERROIR SELECTIONS, KYLE GREEN, and LILIANA DE ROJAS,**

      **Defendants.**

**Case No. 0:25-cv-60113-MD**

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, RARE CHAMPAGNES, LLC d/b/a TERROIR SELECTIONS, KYLE GREENE, and LILIANA DE ROJAS (collectively as "Defendants"), by and through undersigned counsel, hereby files their Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Plaintiff, CLIFFORD ANDERSON ALLEYNE[1], and states as follows:

---

[1] Notably, the Complaint refers to Plaintiff, Clifford Anderson Alleyne, as "Steer". It appears this is a reference to Case No. 0:24-cv-62068, an almost identical lawsuit filed by Attorney Kozolchyk and Attorney Cuthbertson on behalf of Plaintiff Courtney Steer. The only changes to this Complaint are the name of the Plaintiff and the amounts in the attached Exhibit A.

## COMPLAINT

1.      Defendants admit this purports to be an action arising under the Fair Labor Standards Act, 29 U.S.C §§ 201–19 ("FLSA").  Defendants admit this Court has jurisdiction over this action, but denies any violation of FLSA as alleged in the Complaint and denies Plaintiff is entitled to any of the relief sought pursuant to FLSA.

2.      Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 2 of the Complaint and, therefore, deny them.

3.      Defendants admit the allegations in paragraph 3 of the Complaint.

4.      Defendants admit the allegations in paragraph 4 of the Complaint.

5.      Defendants admit it has employees selling or otherwise working on goods moved in or produced for commerce.  Defendants deny the remaining allegations in paragraph 5 of the Complaint.

6.      Defendants admit the allegations in paragraph 6 of the Complaint.

7.      Defendants admit the allegations in paragraph 7 of the Complaint.

8.      Defendants admit the allegations in paragraph 8 of the Complaint.

9.      Defendants admit the allegations in paragraph 9 of the Complaint.

10.     To the extent this paragraph refers to Plaintiff, Clifford Anderson Alleyne, Defendants admit the allegations in paragraph 10 of the Complaint.

11. To the extent this paragraph refers to Plaintiff, Clifford Anderson Alleyne, Defendants deny the allegations in paragraph 11 of the Complaint and deny that any employees were not paid full and proper overtime wages.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. To the extent this paragraph and the accompany Exhibit A refer to Plaintiff, Clifford Anderson Alleyne, Defendants deny the allegations in paragraph 13 of the Complaint, as well as the allegations Plaintiff attached to the Complaint as Exhibit A.

14. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 14 of the Complaint and, therefore, deny them.

## COUNT I—ALLEGED VIOLATION OF FAIR LABOR STANDARDS ACT

15. Defendants re-assert and reincorporate herein their responses to paragraphs 1 through 14 above, as if fully set forth herein.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants admit Plaintiff purports to seek damages, interest, costs, and attorney's fees pursuant to 29 U.S.C. § 216(b). Defendants deny any violation of the FLSA and deny Plaintiff is entitled to any of the relief sought pursuant to the FLSA and 29 U.S.C. § 216(b).

Defendants deny that Plaintiff is entitled to any remedy or relief requested in the "WHEREFORE" clause immediately following paragraph 17 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant asserts the following defenses, without prejudice to its rights to argue that Plaintiff bears the burden of proof regarding some or all of these defenses:

### FIRST DEFENSE

The claims in Plaintiff's Complaint are barred, in whole or in part, as he fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the equitable doctrines of unclean hands, estoppel and/or waiver based upon Plaintiff's course of conduct during and/or after his employment.  Plaintiff did not report any alleged unpaid overtime during his employment, and did not seek to recover any alleged unpaid overtime until after his employment was terminated.  In addition, the operative Complaint repeatedly refers to Plaintiff as "Steer," showing a lack of investigation into this matter.  Plaintiff has failed to identify when he allegedly worked overtime hours.

### THIRD DEFENSE

Plaintiff's claims are barred because Defendant's actions were in good faith in conformity with and in reliance on one or more written administrative regulations, orders, rulings, approvals, and/or interpretations of the Department of Labor and/or other government agencies.

## FOURTH DEFENSE

Each of the Defendants are entitled to a set off against Plaintiff's recovery, if any, for amounts Plaintiff may owe to Defendants for compensation or property that Plaintiff may have obtained from Defendants to which he was not entitled. Defendants are continuing to investigate this defense and potential amounts which could be owed by Plaintiff.

## FIFTH DEFENSE

All employment actions taken regarding Plaintiff were reasonable and undertaken based on a good faith belief that the actions were in compliance with the law, and were without willfulness, malice, or reckless disregard of the law.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the equitable doctrine of unjust enrichment, based upon Plaintiff's course of conduct during and/or after his employment.

## SEVENTH DEFENSE

Plaintiff has been paid all amounts to which he is legally entitled.

## EIGHTH DEFENSE

Defendants have no liability for liquidated damages because their actions were in good faith and Defendants had reasonable grounds to believe their acts, practices, or omissions were not a violation of the FLSA.

## NINTH DEFENSE

Any minimum wage or other pay allegedly due to Plaintiff, which Defendants deny, is barred in whole or in part by the *de minimis* doctrine.

## TENTH DEFENSE

Plaintiff voluntarily resigned his employment and did not report any alleged unpaid overtime or errors/mistakes with his timesheets or pay records at the time of his resignation.  Plaintiff had a duty to report any such errors/mistakes at the time he discovered them.

## ELEVENTH DEFENSE

All employment actions taken regarding Plaintiff were reasonable, undertaken based on a good faith belief that the actions were in compliance with the law, and were without willfulness, malice, or reckless disregard of the law.

## TWELFTH DEFENSE

Any claim for overtime compensation by Plaintiff must be offset by any premium compensation, overpayments, bonuses, advances, commission or other job-related benefits paid or provided to Plaintiff, or other amounts Plaintiff may owe to Defendants for any compensation he received to which he was not otherwise entitled or other damages for which he is liable.  Defendants are continuing to investigate this affirmative defense and does not have specific information on potential amounts owed at this time.

## THIRTEENTH DEFENSE

In the alternative, all or part of the alleged hours in excess of forty in a workweek claimed by Plaintiff, were dedicated to personal endeavors and/or social interactions of a personal nature that do not fall under the definition of "[to] suffer or permit to work," contained in the 29 U.S.C. § 203(g).

## RESERVATION OF RIGHTS

Defendants reserve the right to bring any additional affirmative defenses that become known during the litigation of this matter.

WHEREFORE, Defendants respectfully request that this Honorable Court: (i) enter judgment in its favor and against Plaintiff, (ii) award Defendants their cost of suit herein, (iii) award Defendants reasonable attorneys' fees as may be determined by the Court pursuant to any applicable law, rule, regulation, or agreement, and (iv) grant such other and further relief as this Court may deem just and proper.

DATED this 18th day of February 2025.

Respectfully submitted,

*/s/ Danielle M. Simpson*
DANIELLE M. SIMPSON
**LEAD COUNSEL**
Florida Bar No. 1010871
COLE, SCOTT & KISSANE, P.A.
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
Primary Email:

Danielle.Simpson@csklegal.com
Secondary Email:
Deirdre.Mullane@csklegal.com
Secondary Email:
Evelyn.Otera@csklegal.com
Telephone: (321) 972-0090
Facsimile: (321) 972-0099
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of February 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel of Record.

*/s/ Danielle M. Simpson*
Danielle M. Simpson, Esq.